# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID GLENN MORRIS, | ) |
| Plaintiff, | ) |
| v. | ) Miscellaneous Action No. 14-00022-KD |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the Brief filed by *pro se* plaintiff/appellant David Glenn Morris. (Doc. 3) Previously, the Court found that Morris had not filed in the Bankruptcy Court and served on the appellee Federal Home Loan Mortgage Corporation (Federal) his designation of the items to be included in the record on appeal and a statement of the issues to be presented on appeal as required by Rule 8006 of the Federal Rules of Bankruptcy Procedure. (Doc. 2) The Court directed Morris to do so. (Id.) Instead of filing the designation, Morris filed his brief. (Doc. 3) The Court has not yet set a briefing schedule.

However, Morris states in his brief that the issue is "Whether the Bankruptcy Court erred in the granting of Federal Home Loan Mortgage Corporation motion" for relief from the automatic stay. In view of Morris' *pro se* status, the Court will construe the brief as satisfying the Rule 8006 requirement that Morris file and serve a statement of the issue to be presented on appeal. *Albra v. Advan, Inc.,* 490 F. 3d 826, 829 (11th Cir. 2007).

Morris has again failed to comply with Rule 8006 because he failed to designate the items to include in the record on appeal. Although the Court must "give liberal construction to the pleadings of *pro se* litigants", it still requires "them to conform to procedural rules." *Albra*, at

829.

Morris' "failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed. R.Bankr. P. 8001(a). In that regard, the Court finds it appropriate to allow Morris a second opportunity to comply with Rule 8006. *See In re Lee,* 2012 WL 4512931, *6 (M.D. Fla. Sept. 30, 2012) (finding that striking a statement of issues was "too strong a remedy" after considering "bad faith, negligence, or indifference"); *In re Battle,* 2005 WL 6491014, 2 (Bankr. N.D. Ga., 2005) (allowing appellant additional time to designate the record after finding that "failure to comply with Rule 8006 [was] not jurisdictional" and that appellant's failure to comply "was not due to bad faith and will not serve to greatly prejudice appellee")

When this Court reviews a decision by the Bankruptcy Court it "may not make independent factual findings, but rather, must affirm the Bankruptcy Court's findings of fact unless they are clearly erroneous. *In re Sublett*, 895 F.2d 1381, 1383-1384 (11th Cir. 1990); *Alabama Dept. of Human Resources v. Lewis*, 279 B.R. 308, 313-314 (S.D. Ala. 2002) (citing *In re Club Associates*, 956 F.2d 1065, 1069 (11th Cir. 1992)); s*ee also In re International Pharm. & Discount II, Inc.*, 443 F.3d 767, 770 (11th Cir. 2005); *In re Spiwak,* 285 B.R. 744, 747 (S.D. Fla. 2002) (providing that "[a] district court reviewing a bankruptcy appeal is not authorized to make independent factual findings; that is the function of the bankruptcy court[]"); FED. R. BANKR. PROC. 8013 (the bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous"). This Court must conduct a *de novo* review of the Bankruptcy Court's conclusions of law. *In re Simmons*, 200 F.3d 738, 741 (11th Cir.2000); *Securities Groups v. Barnett (In re Monetary Group),* 2 F.3d 1098, 1103 (11th Cir.1993) (providing that legal determinations are

reviewed *de novo*). "Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard." *In re Kingsley*, 518 F.3d 874, 877 (11th Cir. 2008) (quoting *In re General Dev. Corp.,* 84 F.3d 1364, 1367 (11th Cir.1996)).

The issue on appeal is whether the Bankruptcy Court erred in granting Federal's motion for relief from the automatic stay. In the order granting the motion, the Bankruptcy Court states that the decision was made after "review of the pleadings and hearing arguments of counsel." *In re David Glenn Morris*, Bankr. Action No. 14-01944 (Bankr. S.D. Ala. June 16, 2014) (doc. 47, entered July 25, 2014). However, this Court does not have the "pleadings", or any supporting documents, that the Bankruptcy Court reviewed. This Court does not have a transcript of the hearing at which the Bankruptcy Court heard the "arguments of counsel". Nor does it have any other items from the record that Morris may consider relevant. In short, this Court has no record on appeal to review and thus cannot make a determination as to whether the Bankruptcy Court erred in granting the motion.

Therefore, Morris is **ORDERED** to file with the Bankruptcy Court and serve on Federal, on or before **October 15, 2014**, <u>his designation of the items to be included in the record on appeal</u>. Accordingly, Federal shall file with the Bankruptcy Court and serve on Morris, on or before **October 29, 2014**, a designation of any additional items to be included in the record on appeal. *See* Fed. R. Bkr. Rule 8006.

**Morris is reminded that –**

The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall,

immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

Fed. R. Bkr. Proc. 8006.[1]

**Morris is again warned that failure to comply with the applicable procedural rules in the future may result in dismissal of his appeal and he is cautioned to carefully read all documents received from the courts.**

Additionally, the parties are instructed to **advise the Court**, on or before **October 29, 2014**, as to the status of the action to eject the Morrises from the real property.[2] *See In re Ware,* 562 Fed. Appx. 850 (11th Cir. 2014) (affirming the district court's decision to dismiss the debtor's "appeal as moot because he had already been ejected from the Property pursuant to a state court judgment and had not obtained a stay pending appeal) (emphasis deleted).[3]

The Clerk is directed to provide a copy of this order to the U.S. Bankruptcy Court.

**DONE** and **ORDERED** this 30th of September 2014.

> s / Kristi K DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[1] The docket indicates that Morris was sent a Transcript Request form along with instructions regarding Rules 8006 and 8007. *In re David Glenn Morris*, Bankr. Action No. 14-1944 (Bankr. S.D. Ala. June 16, 2014) (doc. 52, entered August 1, 2014).

[2] In his status report, Morris states that he filed a motion to stay all proceedings and a notice of intent to appeal direct to the Alabama Supreme Court on September 22, 2014. (Doc. 5)

[3] The Wares were evicted on October 25, 2012, after the notice of appeal had been filed on October 22, 2012.